IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RICHARD ROLAND LAIRD,**<br>Petitioner,<br><br>v.<br><br>**JOHN E. WETZEL**, Acting Secretary, Pennsylvania Department of Corrections, **ROBERT D. GILMORE,**[1] Superintendent of the State Correctional Institution at Greene, **MARK GARMAN,**[2] Superintendent of the State Correctional Institution at Rockview, **THE DISTRICT ATTORNEY OF THE COUNTY OF BUCKS,** and **THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA,**<br>Respondents. | CIVIL ACTION<br><br><br>NO. 11-1916 |

**O R D E R**

**AND NOW**, this 1st day of June, 2017, upon consideration of Petitioner's Motion to Alter and Amend Judgment and Consolidated Brief (Document No. 54, filed Sept. 16, 2016), Respondents' Answer in Opposition to Petitioner's Motion to Alter and Amend Judgment and Consolidated Brief (Document No. 56, filed Sept. 30, 2016), and Reply in Support of Petitioner's Motion to Alter and Amend Judgment (Document No. 60, filed Oct. 14, 2016), and the letters from Richard Laird to the Court dated January 28 and February 26, 2017,[3] for the reasons set forth in the accompanying Memorandum dated June 1, 2017, **IT IS ORDERED** as follows:

---

[1] Robert D. Gilmore became the Superintendent of the State Correctional Institute at Greene on March 29, 2014. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Robert D. Gilmore is substituted for Louis Folino as a respondent in this suit.

[2] Mark Garman became the Superintendent of the State Correctional Institute at Rockview on July 27, 2015. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Mark Garman is substituted for Marirosa Lamas as a respondent in this suit.

[3] Copies of the letters from Richard Laird dated January 28 and February 26, 2017 shall be docketed by the Deputy Clerk.

1

1. Petitioner's Motion to Alter and Amend Judgment (Document No. 54) is **GRANTED IN PART AND DENIED IN PART,** as follows:
   a. That part of petitioner's Motion which seeks reconsideration of the Court's denial of the Consolidated Petition for Writ of Habeas Corpus (Document No. 39) on the ground that petitioner did not establish cause to overcome the procedurally defaulted Due Process claims in Claim IX (Frank Chester's Identification and Testimony) is **GRANTED**;
   b. Petitioner's Motion is **DENIED** in all other respects;
2. Those parts of the August 18, 2016 Memorandum (Document No. 52) and Order (Document No. 53) in which petitioner's Consolidated Petition for Writ of Habeas Corpus was dismissed on the ground that petitioner did not establish cause to overcome the procedurally defaulted Due Process claim in Claim IX challenging Frank Chester's identification and testimony are **VACATED**;
3. Petitioner's Consolidated Petition for Writ of Habeas Corpus is **DENIED** with respect to petitioner's Due Process claim in Claim IX challenging Frank Chester's identification and testimony; and
4. A certificate of appealability will not issue because reasonable jurists would not debate whether that portion of the Consolidated Petition for Writ of Habeas Corpus which challenges the identification and testimony of Frank Chester under the Due Process Clause of the Fourteenth Amendment states a valid claim of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 484.

The Court having noted that two parts of the Memorandum dated August 18, 2016,

require clarifications which do not alter the ruling of the Court, **IT IS FURTHER ORDERED** that the Memorandum dated August 18, 2016, is clarified and amended as follows:

1. The part of the third-to-last paragraph in Part IV(A)(2)(c) which states that "petitioner cannot demonstrate that the jury was substantially more likely to accept a diminished capacity defense supported by documentation of multiple head injuries instead of only one injury" is **AMENDED** to state the following:

> petitioner did not demonstrate a reasonable probability that the jury's determination of guilt would have been different, i.e., that the jury would have accepted a diminished capacity defense supported by documentation of multiple head injuries instead of only one injury.

2. The final sentence in Part IV(A)(2)(c) which states that "Accordingly, the Court denies Laird's Petition under § 2254 on the ground that he suffered prejudice from his trial counsel's failure to introduce the medical records" is **AMENDED** to state the following:

> Accordingly, the Court denies Laird's Petition under § 2254 with respect to the claim that he suffered prejudice from his trial counsel's failure to introduce the medical records.

**BY THE COURT:**

**/s/ Hon. Jan E. DuBois**

**DuBOIS, JAN E., J.**